UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CIARA CARABALLO; YASIN GARNETT; and
DANIEL LUGO,

                       Plaintiffs,

        -against-

THE CITY OF NEW YORK; JOSEPH CORDONES,
Individually and in His Official Capacity; ISAAC
EVERETT, Individually and in His Official Capacity;
JAMES REYERSON, Individually and in His Official
Capacity; RASAU ROMEO, Individually and in His
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,
Individually and in Their Official Capacities (members of
the New York City Police Department whose names are
presently unknown to plaintiffs),

                       Defendants.
------------------------------------------------------------------x



11 CV 8917

**Jury Trial Demanded**

**ECF Case**

Plaintiffs CIARA CARABALLO, YASIN GARNETT, and DANIEL LUGO, by their attorney, Robert T. Perry, respectfully allege as follows:

## NATURE OF ACTION

1.     Plaintiffs bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of their civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     The Court has jurisdiction over plaintiffs' federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiffs' claims occurred in this district.

## JURY DEMAND

5. Plaintiffs respectfully demand trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff CIARA CARABALLO is a resident of the County and State of New York.

7. Plaintiff YASIN GARNETT is a resident of the County and State of New York.

8. Plaintiff DANIEL LUGO is a resident of the County and State of New York.

9. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

10. Defendant JOSEPH CORDONES (Shield No. 13491) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Cordones was assigned to the Patrol Boro Manhattan North Task Force. Defendant Cordones is being sued in his individual and official capacities.

11. Defendant ISAAC EVERETT (Shield No. 18295) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Everett was assigned to the Patrol Boro Manhattan North Task Force. Defendant Everett is being sued in his individual and official capacities.

12. Defendant JAMES REYERSON was at all relevant times herein a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Reyerson was assigned to the Patrol Boro Manhattan North Task Force. Defendant Reyerson is being sued in his individual and official capacities.

13. Defendant RASAU ROMEO is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Romeo was assigned to the Patrol Boro Manhattan North Task Force. Defendant Romeo is being sued in his individual and official capacities.

14. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual and official capacities.

15. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

16. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiffs from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiffs' injuries.

## STATEMENT OF FACTS

17. On Friday, November 12, 2010, sometime after 8:00 p.m., plaintiffs Ciara Caraballo, Yasin Garnett, and Daniel Lugo were lawfully present in the vicinity of 1862 Lexington Avenue,

3

between East 115th and East 116th Streets, in New York County. Plaintiff Garnett was standing on the sidewalk on the west side of Lexington Avenue near a salon where his sister was having her hair done. Plaintiff Lugo was walking north on the same sidewalk on his way to meet his sister, plaintiff Caraballo, who was ordering take-out food in a restaurant across the street.

18. As plaintiff Lugo walked north on the sidewalk on the west side of Lexington Avenue towards East 116th Street, he and plaintiff Garnett noticed each other. They were old friends. Plaintiffs Garnett and Lugo exchanged greetings and began a conversation in normal, speaking voices.

19. While plaintiffs Garnett and Lugo talked to each other, two police cars driving south on Lexington Avenue pulled over to the sidewalk on the west side of Lexington Avenue in front of 1862 Lexington Avenue. On information and belief, defendants Joseph Cordones, Isaac Everett, James Reyerson, and Rasau Romeo exited the vehicles.

20. Without a warrant, probable cause, reasonable suspicion, or a common law right to inquire, defendants grabbed plaintiffs Garnett and Lugo, threw them against a wall, and began searching them.

21. A defendant made plaintiff Lugo pull his pants (but not his undershorts) down to his knees. As passersby watched, the defendant began shaking plaintiff Lugo's genitals.

22. At no time did plaintiffs Garnett or Lugo offer any physical resistance.

23. Defendants found no narcotics, weapons, or contraband on plaintiffs Garnett or Lugo, as neither had any such items in his possession.

24. Defendants next handcuffed plaintiffs Garnett and Lugo -- excessively tightly -- and placed them in the backseat of a police car, smashing plaintiffs' legs into the body of the car and slamming the car doors on their legs before plaintiffs were fully inside.

25. While defendants were arresting plaintiffs Garnett and Lugo, plaintiff Caraballo exited the restaurant across the street on the east side of Lexington Avenue just below East 116th Street. Noticing that plaintiffs Garnett and Lugo were being arrested, plaintiff Caraballo crossed the street to the west side of Lexington Avenue.

26. As plaintiff Caraballo stood on the sidewalk in front of 1862 Lexington Avenue, watching defendants place plaintiffs Garnett and Lugo in a police car, defendants grabbed plaintiff Caraballo from behind, threw her into the hood of a police car, handcuffed her, dragged her by her hair on the ground, and placed her in a police car.

27. At no time did plaintiff Caraballo interfere with defendants' arrests of plaintiffs Garnett and Lugo. At no time did plaintiff Caraballo offer any physical resistance.

28. Other police officers (the Doe defendants) arrived at the scene and assisted in effecting plaintiffs' arrests.

29. Plaintiffs were transported to the 25th Precinct at 120 East 119th Street. Early the next day, Saturday, November 13, 2010, plaintiffs were taken to Manhattan Central Booking at 100 Centre Street.

30. In connection with plaintiffs' arrests, defendants filed a false and misleading police report and made false and misleading statements regarding the circumstances of plaintiffs' arrests to the Office of the District Attorney, New York County ("District Attorney").

31. As a result, the District Attorney decided to prosecute plaintiffs.

32. On Saturday, November 13, 2010, plaintiffs were arraigned in Part AR3 and charged with assault in the second degree, obstructing governmental administration in the second degree, and resisting arrest. Bail was set at $3,500 over $3,500 for plaintiff Caraballo, $3,000 over $2,000 for plaintiff Lugo, and $5,000 over $3,500 for plaintiff Garnett.

33. Plaintiffs Caraballo and Lugo posted bail and were released from custody on about Monday, November 15, 2010. Plaintiff Garnett was released on his own recognizance on Thursday, November 18, 2010, after the District Attorney reduced the charges against plaintiffs and failed to file a supporting deposition.

34. On June 6, 2011, after plaintiffs had made several court appearances, the charges against plaintiffs were dismissed in their entirety.

35. As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation, deprivation of their liberty, and violation of their constitutional rights.

## **FIRST CLAIM FOR RELIEF**

### (Section 1983 False Arrest Claim)

36. Plaintiffs repeat and reallege paragraphs "1" through "35" with the same force and effect as if they were fully set forth herein.

37. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiffs to be imprisoned without probable cause to believe that plaintiffs had committed any crime or offense, in violation of each plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## **SECOND CLAIM FOR RELIEF**

### (Section 1983 Excessive Force Claim)

38. Plaintiffs repeat and reallege paragraphs "1" through "37" with the same force and effect as if they were fully set forth herein.

39. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiffs, in violation of each plaintiff's right to be free

from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### THIRD CLAIM FOR RELIEF

### (Section 1983 Malicious Prosecution Claim)

40. Plaintiffs repeat and reallege paragraphs "1" through "39" with the same force and effect as if they were fully set forth herein.

41. Defendants, acting in concert and within the scope of their authority, caused plaintiffs to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiffs' favor -- in violation of each plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF

### (Section 1983 Malicious Abuse of Process Claim)

42. Plaintiffs repeat and reallege paragraphs "1" through "41" with the same force and effect as if they were fully set forth herein.

43. Defendants, acting in concert and within the scope of their authority, caused plaintiffs to be prosecuted for a collateral objective outside the legitimate ends of the legal process, namely, to cover up their abuse of authority in arresting plaintiffs, in violation of each plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF

### (Section 1983 Failure-to-Intervene Claim)

44. Plaintiffs repeat and reallege paragraphs "1" through "43" with the same force and effect as if they were fully set forth herein.

45. Each individual defendant had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, in violation of each plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (Section 1983 Municipal Liability Claim)

46. Plaintiffs repeat and reallege paragraphs "1" through "45" with the same force and effect as if they were fully set forth herein.

47. The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of defendant City and the NYPD forbidden by the Constitution of the United States.

48. The foregoing customs, policies, practices, procedures, rules, and usages included, but were not limited to, making arrests without probable cause to believe that the arrestees had committed any crime or offense.

49. The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following recent civil rights actions filed against defendant City:

> **Michael Hemphill v. City of New York**, United States District Court, Southern District of New York, 11 CV 2160
>
> **Shelly Levy v. City of New York**, United States District Court, Southern District of New York, 11 CV 0227
>
> **Tilas Jackson v. City of New York**, United States District Court, Southern District of New York, 09 CV 915
>
> **Francisco Baez v. City of New York**, United States District Court, Southern District of New York, 08 CV 10604
>
> **Terrell Greaves v. City of New York**, United States District Court, Southern District of New York, 06 CV 5709

<u>Joshua Weiner v. City of New York</u>, United States District Court, Southern District of New York, 06 CV 6058

50. Defendant City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

51. The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiffs' safety, well-being, and constitutional rights.

52. The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiffs.

53. The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiffs.

### Plaintiff Caraballo's Supplemental State Law Claims

54. Plaintiffs repeat and reallege paragraphs "1" through "53" with the same force and effect as if they were fully set forth herein.

55. Within ninety (90) days after her claims herein arose, plaintiff Caraballo duly served upon, presented to, and filed with the City of New York a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

56. More than thirty (30) days have elapsed since the presentation of plaintiff Caraballo's claims to the City of New York. The City of New York has wholly neglected or refused to make an adjustment or payment thereof.

57. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

58. Plaintiff Caraballo has complied with all conditions precedent to maintaining the instant action.

9

### SEVENTH CLAIM FOR RELIEF

### (Malicious Prosecution Under New York Law)

59. Plaintiffs repeat and reallege paragraphs "1" through "58" with the same force and effect as if they were fully set forth herein.

60. Defendants, acting in concert and within the scope of their authority, caused plaintiff Caraballo to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff Caraballo's favor -- in violation of New York law.

### EIGHTH CLAIM FOR RELIEF

### (Malicious Abuse of Process Under New York Law)

61. Plaintiff repeats and realleges paragraphs "1" through "60" with the same force and effect as if they were fully set forth herein.

62. Defendants, acting in concert and within the scope of their authority, caused plaintiff Caraballo to be prosecuted for a collateral objective outside the legitimate ends of the legal process, namely, to cover up their abuse of authority in arresting plaintiff, in violation of New York law.

### NINTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Law)

63. Plaintiffs repeat and reallege paragraphs 1 through "62" with the same force and effect as if they were fully set forth herein.

64. Defendant City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above-described unlawful conduct, in violation of New York law.

## TENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Law)

65. Plaintiffs repeat and reallege paragraphs 1 through "64" with the same force and effect as if they were fully set forth herein.

66. Defendant City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above-described unlawful conduct, in violation of New York law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

Dated:  Brooklyn, New York
        December 6, 2011

Respectfully submitted,

*Robert T. Perry*
ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CIARA CARABALLO; YASIN GARNETT; and
DANIEL LUGO,

                        Plaintiffs,

      -against-

THE CITY OF NEW YORK; JOSEPH CORDONES,
Individually and in His Official Capacity; ISAAC
EVERETT, Individually and in His Official Capacity;
JAMES REYERSON, Individually and in His Official
Capacity; RASAU ROMEO, Individually and in His
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,
Individually and in Their Official Capacities (members of
the New York City Police Department whose names are
presently unknown to plaintiff),

                        Defendants.
------------------------------------------------------------------------x

**COMPLAINT**

ROBERT T. PERRY
Attorney for Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410